IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| IN RE: ALDEN PAULINE, JR., MOTION FOR SAFETY, | Civ. No. 15-00084 SOM/KSC<br><br>ORDER DENYING IN FORMA PAUPERIS STATUS AND DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DENYING IN FORMA PAUPERIS STATUS AND**
**DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

On March 9, 2015, the court received a letter from Alden Pauline, Jr., an inmate at the Halawa Correctional Facility ("HCF"), that had been forwarded from the Hawaii Supreme Court. *See* Doc. Nos. 1, 1-2. Pauline titled the letter "Motion for the Chief Judge to Hold a Hearing Regarding His Safety." Doc. No. 1. The letter refers *to United States v. Montervon and Reynolds*, Cr. No. 14-00912 JMS (D. Haw.), in which Pauline is neither a party nor a witness. It also repeats many of Pauline's pending claims in *Pauline v. Espinda*, *et al.*, Civ. No. 13-00612 HG/RLP, without referring to that case. To determine Pauline's intent in filing the letter, the court opened a miscellaneous case, *In re: Alden Pauline*, Jr., Misc. No. 15-00085 SOM, and scheduled a status conference for March 18, 2015, with Pauline and representatives from the Hawaii Department of Public Safety ("DPS") and the Office of the Attorney General. *See* Doc. No. 2.

Based on Pauline's statements at the March 18, 2015, telephonic hearing, the court construes Pauline's letter as a prisoner civil rights action. Doc. No. 4. Pauline commenced this action without submitting the civil filing fee and apparently seeks to proceed *in forma pauperis* ("IFP"). Moreover, during the hearing, Pauline admitted that he was not in imminent danger of serious physical injury from Defendants or others when he filed this action. Having had three or more actions dismissed as frivolous, malicious, or failing to state a claim, Pauline may not proceed IFP unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). This action is DISMISSED without prejudice to the refiling by Pauline of his claims in another action with concurrent payment of the civil filing fee.

## I. BACKGROUND

Pauline has another active prisoner civil rights case in which he was granted IFP status. *See Pauline v. Espinda*, *et al.*, Civ. No. 13-00612 HG/RLP (D. Haw.), Doc. No. 6 (holding Pauline sufficiently alleged imminent danger of serious physical injury). He has repeatedly demanded an immediate hearing on his claims in that action. *See id.*, *e.g.*, Doc. Nos. 1, 9, 14, 20, 22, 23, 36, 37, 46, 48, 56, 57, 65, 84, 90. Pauline recently filed a motion in that case, Doc. No. 125, requesting permission to file a complaint against United States District Judge J.

2

Michael Seabright and others, based on Judge Seabright's alleged failure to respond to Pauline's letters asking to appear as a witness in Cr. No. 14-00912 JMS. Pauline sought to testify about his alleged involvement as a confidential informant for the Drug Enforcement Agency ("DEA") and DPS, which Pauline claims led to the arrest of Derek Montervon and Sheryl Reynolds in Cr. No. 14-00912 JMS. The Clerk of Court informed Pauline that he needed no motion to commence an action, and sent him the proper forms for filing an action. Doc. No. 126.

On March 9, 2015, the court opened this civil action. Doc. No. 1. Pauline appears to name DPS Deputy Sheriff Tommy Kong, DEA Agent Bert Akana, and criminal defendants Sheryl Reynolds and Derek Montervon, *see Montervan*, Cr. No. 14-00912 JMS, as Defendants. Pauline claims that, while he was incarcerated at HCF, he assisted Akana and Kong in setting up drug buys with Reynolds and Montervon, who were not incarcerated at the time, in exchange for Kong's and Akana's promises to transfer him to the Federal Detention Center-Honolulu ("FDC-HNL"). He alleges that Akana and Kong failed to transfer him to FDC-HNL, and that HCF prison guards were therefore able to retaliate against him at HCF for having set up their friends and family members. Pauline specifically claims that (1) Adult Corrections Officer ("ACO") Tuifau sexually and physically assaulted him because Tuifau is related to Sheryl Reynolds; (2)

3

ACO Futioa put a gun to Pauline's head; (3) ACO Ray cut Pauline's head and eye open, and put glass in his food tray that cut his mouth; (3) ACO Sarkissian has falsely written Pauline up, threatened him, tampered with his mail, and sent three gang members to "hurt" him; and (4) unnamed ACOs refuse Pauline soap and toilet paper. Pauline has repeatedly made these same claims against the same individuals in Civ. No. 13-00612 HG/RLP.

Three days later, on March 12, 2015, Pauline commenced *Pauline v. Seabright, et al.*, Civ. No. 15-00074 LEK/RLP (D. Haw. 2015), alleging that (1) Judge Seabright and Assistant United States Attorney Mark Inciong had denied his request to be a witness in Cr. No. 14-00912 JMS; and (2) Kong and Akana had failed to transfer him to FDC-HNL, or advocate for him with the Hawaii Paroling Authority. *See id*. Pauline also named HCF Gang Intelligence Officer Kimo Bruhn and Lt. Luetta as defendants to the new suit, but provided no information regarding their connection to his claims. The new case is awaiting a determination as to whether Pauline is granted IFP status and so may proceed without concurrent payment of the civil filing fee.

To determine Pauline's intent in commencing the present action by sending a letter apparently directed to this court (although routed to the Hawaii Supreme Court), the court held a hearing on March 18, 2015. Doc. No. 4. The court was also concerned about Plaintiff's well-being in light of his claims,

4

and about whether he was plausibly alleging imminent danger such that he could proceed IFP. At the hearing, Pauline explained that his letter of March 9, 2015, was intended to initiate a new civil action against Kong and Akana for their failure to keep their promise to transfer him to FDC-HNL, and against unnamed HCF officials who are allegedly keeping him from being transferred.

## II. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. The district court may dismiss *sua sponte* an action that is barred by § 1915(g),

after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard before dismissal. *See id.* at 1120. After notice, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not apply. *Id.* ("once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

Pauline has had three or more prior prisoner actions dismissed as frivolous or as failing to state a claim. *See, e.g., Pauline v. Tufono, et al.*, Civ. No. 08-00194 JMS; *Pauline v. Pali Momi Med. Ctr, et al.*, Civ. No. 08-00195 HG; *Pauline v. H.C.F. Adm'r, et al.*, Civ. No. 08-00196 SOM; and *Pauline v. Tufono, et al.*, Civ. No. 08-00389 DAE. This court has notified Pauline of his strikes numerous times and informed him that he may not proceed IFP unless he is in danger of serious physical injury. *See, e.g., Pauline v. Frank*, Civ. No. 09-00514 SOM/BMK (D. Haw. 2009); *see also* PACER, http://pacer.psc.uscourts.gov.

### III. <u>NO IMMINENT DANGER</u>

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055 (citations omitted). Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

First, throughout the hearing on March 18, 2015, Pauline was afforded an opportunity to be heard regarding whether he was in imminent danger when he filed this action. *See Andrews*, 398 F.3d at 1120.

Second, Pauline unequivocally stated several times on the record that he was neither in danger at the time of the March 18 hearing, nor when he mailed his pleading. Rather, Pauline said that he had resolved his fears of retaliation from HCF staff **on or before January 15, 2015,** two months before commencing this suit, through discussions with HCF and DPS officials Captain Paleka, Shelley Nobriga, Dovie Borges, Chief of Security Lyle Antonio, and Patrick Nakashima. Pauline said the last time that he feared for his safety from ACO retaliation was in **December 2014,** when an ACO allegedly handled him roughly during a transfer from High to Medium Security protective custody, cutting Pauline's eye.

7

Third, Pauline explicitly stated that he has not felt threatened by other inmates since Magistrate Judge Puglisi held a hearing on his request for injunctive relief in Civ. No. 13-00612 HG/RLP, and he was moved to protective custody on or about August 28, 2014. *See id.*, Doc. No. 87 (Antonio Decl.), PageID #411 ¶ 3; *see also Findings and Recommendation*, Doc. No. 105, PageID #539, 545.

Fourth, Pauline has no constitutional right to be transferred to another prison, remain in a particular prison, or avoid transfers within a prison. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-225 (1976); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating due process). Further, Pauline has no federal or state-created liberty interest to parole or parole consideration. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (finding no right to parole under Hawaii's statutes). Pauline's claims against Kong, Akana, Reynolds, Montervon, and unnamed HCF/DPS officials for failure to secure him a transfer or parole therefore fail to state a claim.

Fifth, if Pauline fails to state a cognizable claim against Kong, Akana, Montervon, and Reynolds, he cannot show a nexus between the imminent danger he suggests in his pleading and the claims he asserts against them. That is, even assuming Pauline could be said to assert that he is in imminent danger, he does not allege, much less show, that such danger is "fairly traceable to a violation of law" by Defendants Kong, Akana, Reynolds, or Montervon. *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009); *see also Thomas v. Ellis*, 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015); *Chappel v. Fleming*, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013); *Williams v. Brennan*, 2013 WL 394871, at *1 (E.D. Cal. Jan. 30, 2013). Moreover, Pauline does not explain how Montervon and Reynolds, who were indicted on October 22, 2014, *see* Cr. No. 14-00912 JMS, were acting under color of state law when they allegedly bought drugs with his assistance, or have posed a threat to his safety since their confinement at FDC-HNL on October 28 and 30, 2014, respectively. *See* 42 U.S.C. § 1983.

## IV. CONCLUSION

Pauline fails to carry his burden to show that he was in imminent danger of serious physical injury when he brought this action. His own statements refute such a finding. He may not proceed without prepayment of the civil filing fee. This action is DISMISSED without prejudice pursuant to 28 U.S.C.

9

§ 1915(g).  Pauline may move within twenty-eight days to reopen this action for just cause, or he may reassert his claims in a new action, with concurrent payment of the $400.00 filing fee. Any pending motions are DISMISSED.  The Clerk shall close the case and note on the docket that this dismissal is without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 24, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In re: Alden Pauline, Jr., Civ. No. 15-00084 SOM/KSC; 3 stks 2015; C:\Users\kmay\AppData\Local\Temp\notesFF7A0E\Pauline 15-84 SOM (dny admits no imm dng).wpd